**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
Orlando Division
Case No.: 6:22-cv-01609-GAP-DCI

WYNDHAM VACATION OWNERSHIP, INC. a Delaware corporation; WYNDHAM VACATION RESORTS, INC., a Delaware corporation,

    Plaintiffs,

v.

ROBERT KASPRZYK, an individual and resident of the State of California; and PAULA KASPRZYK, an individual and resident of the State of California,

    Defendants.

## STIPULATED FINAL PERMANENT INJUNCTION ORDER

On October 25, 2022, the Court granted the Joint Stipulation and Motion for Entry of Final Permanent Injunction Order (Doc. 13). After a final review of the submitted proposed order, the Court declined entry of such and set a deadline of November 14, 2022, for the parties to submit a revised proposed order (Doc. 14). The parties filed an amended proposed order on November 9, 2022 (Doc. 15) and submitted their Word version to chambers November 17, 2022.

Pursuant thereto, the parties stipulate as follows.

1.    Wyndham filed its Complaint against Defendants in the United States District Court for the Middle District of Florida, styled *Wyndham Vacation Ownership, Inc., et al v. Robert Kasprzyk, et al.,* Case No. 6:22-cv-01609-GAP-DCI (the "Litigation"). DE 1. In the Litigation, Wyndham asserted claims against the Defendants for (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) breach of duty of loyalty; (4) contractual indemnification; (5) misappropriation of trade secrets; (6) violation of the Lanham Act, 15 U.S.C.

1

§ 1125(a)(1); (7) tortious interference with contractual relations; (8) civil conspiracy to commit tortious interference; and (9) violation of Florida's Deceptive and Unfair Trade Practice Act.

2.  Wyndham and Defendants stipulate to the entry of this Permanent Injunction to resolve all matters in dispute in this Litigation between them.

3.  Defendants acknowledge the jurisdiction of this Court for purposes of entering and enforcing this Permanent Injunction, and waive:

    a.  Any further procedural steps;

    b.  Any requirement that this Permanent Injunction contain any findings of fact or conclusions of law; and

    c.  Any right to appeal, seek judicial review, or otherwise challenge or contest the validity of this Permanent Injunction.

4.  Defendants acknowledge and agree that they enter into this Permanent Injunction knowingly and willfully and with full understanding of its terms, having reviewed them after due consideration, and with opportunity to have separate legal counsel review its terms.

5.  Defendants further acknowledge and agree that this Permanent Injunction does not conflict with any agreement, instrument, or understanding, oral or written, to which he or she is a party, including the employment agreement with Wyndham, signed by Kasprzyk on October 15, 2020 (the "Employment Agreement"), or any prior employment agreements entered into between Wyndham and Kasprzyk, which continue to be binding upon Kasprzyk as agreed to therein.

## DEFINITIONS

6.  As used herein, "Wyndham" means the named Plaintiffs to the Litigation, as well as all the subsidiaries, affiliated companies, resorts, and related homeowners associations of these named Plaintiffs, and any additional subsidiaries, affiliates, resorts, and homeowner associations that may come into existence after entry of this Permanent Injunction.

7. As used herein, "Defendants" means Defendant Robert Kasprzyk and Defendant Paula Kasprzyk, as well as any other entity of which Robert and/or Paula Kasprzyk may control or have a legal right to control or direct, as well as all the subsidiaries, affiliated companies, and related associations of the same.

8. As used herein, "Wyndham Interest" shall be interpreted broadly to include any Wyndham timeshare interest, Wyndham points-based program, or other Wyndham vacation ownership interest of any kind, including but not limited to all current Wyndham timeshare products and all legacy products affiliated with Wyndham.

9. As used herein, "Wyndham Owner" means:
   a. a person who owns a Wyndham Interest; or
   b. a person who has an existing payment obligation in favor of Wyndham; or
   c. a person who is otherwise an owner, member, renter, and/or guest (regardless of whether they have yet purchased a Wyndham Interest) of any Wyndham Interest, regardless of the form, in:
      i. any resort acquired or developed by, or that becomes an affiliated resort of Wyndham or any of its subsidiaries and/or affiliates after the entry of this Permanent Injunction, or
      ii. any owner of a points-based timeshare ownership program denominated as a Wyndham points-based program.

10. As used herein, "Third-Party Exit Company" or "TPE" refers to any individual or business that advertises, markets, solicits, or provides, or alleges to provide (whether valid or not), any product, service, plan, or program represented, whether expressly or by implication, to:

3

a. Cancel, rescind, terminate, or otherwise effectuate an exit from a Wyndham Interest and/or any other timeshare interest;

b. Cancel, rescind, terminate, reduce, or otherwise alleviate any Wyndham Owner's payment obligation to Wyndham and/or any homeowners association managed by or affiliated with Wyndham, whether based upon a promissory note, mortgage, maintenance fee, credit card agreement, or any other contract;

c. Assist any Wyndham Owner in obtaining a refund of any payments made by the Wyndham Owner to Wyndham and associated with any Wyndham Interest, including but not limited to, mortgage payments, maintenance fees, club dues, and/or the purchase price of the Wyndham Interest;

d. Represent, negotiate, obtain, or arrange a surrender, quit claim transfer, transfer back to an association, or a deed-in-lieu of foreclosure of a Wyndham Interest;

e. Offer or provide timeshare listing, resale, rental, financing, transfer, permanent or temporary trade-in, or other services or programs to any Wyndham Owner;

f. Provide, whether for profit or not for profit, any Wyndham Owner with draft correspondence to send to Wyndham, a governmental entity, regulator, or any consumer advocacy group, drafts or templates of papers or pleadings to be filed or submitted in any court action commenced in regard to a Wyndham Interest and/or any payment obligation in favor of Wyndham, or otherwise give any assistance, whether in the provision of forms, templates, samples, instructions or otherwise to any Wyndham Owner; or

g. Provide advice or assistance in regard to any Wyndham Owner's credit record, including but not limited to, credit repair and debt validation services.

## **ENJOINED CONDUCT**

Based on the stipulations herein, it is hereby **ORDERED AND ADJUDGED** that the Defendants, their agents and employees, and all other persons who are in active concert or participation with any of them, whether currently known or subsequently identified, shall be **PERMANENTLY RESTRAINED AND ENJOINED** from, directly or indirectly:

a.  Engaging in any conduct in violation of the Employment Agreement;

b.  Disclosing or utilizing, any confidential, proprietary, and/or trade secret information acquired or learned as a consequence of Robert Kasprzyk's employment at Wyndham, including, without limitation, Wyndham Owner and customer lists or non-public Wyndham business records or data such as timeshare sales and pricing information, unless such disclosure or use is otherwise authorized, in writing, by Wyndham;

c.  Contacting, soliciting, suggesting, persuading, or attempting to persuade any Wyndham Owner or prospective Wyndham Owner, to discontinue his, her, or their business relationship with Wyndham;

d.  Contacting, soliciting, suggesting, persuading, or communicating with any Wyndham Owner or prospective Wyndham Owner, for the establishment of any business or contractual relationship;

e.  Preparing, causing to be prepared, or otherwise assisting any other person or entity in preparing, whether directly or indirectly, any correspondence to be sent to Wyndham on behalf of any Wyndham Owner;

f.  Making or engaging in any statement or communication, that disparages Wyndham, whether written or oral;

  g. Marketing to, soliciting, offering, providing, or in any way communicating with or assisting others (via referral or otherwise) in marketing to, soliciting, offering, providing or communicating with any Wyndham Owner or prospective Wyndham Owner related to timeshare, travel club, or other related services, including TPE services;

  h. Impersonating a Wyndham Owner in any communication to Wyndham;

  i. Making any statement or assisting any other person or entity in making any statement, directly or by implication, that directs, encourages, or induces a Wyndham Owner to stop making payments related to his or her Wyndham Interest;

  j. Preparing or transmitting, or otherwise assisting any other person or entity to prepare or transmit, whether directly or indirectly, on behalf of any Wyndham Owner, any correspondence or complaints to any governmental agency or regulatory body, including without limitation the Federal Trade Commission, the Consumer Financial Protection Bureau, or any State's attorney general related to their Wyndham Interest;

  k. Using any Wyndham intellectual property, copyrights, or registered trademarks, or any other registered trademark owned by or licensed to Wyndham, in any published materials, promotions, advertising, marketing, online web content, correspondence, or in any other format whatsoever;

  l. Representing to any individual that Defendants are or were employed by Wyndham except for in a resume for employment or as required for tax purposes or compliance with other legal obligations;

  m. Accepting payments in any form from any Wyndham Owners or prospective Wyndham Owners in exchange for any alleged services related timeshares, timeshare rentals, or travel; and

    n.  Contacting and/or having any communication, written or otherwise, with any Wyndham employee[1] for the purpose of obtaining contact information for Wyndham Owners.

    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

  The Defendants, their agents, employees and/or those acting at their direction are notified that any act in violation of any of the terms hereof may be considered and/or prosecuted as contempt of this Court. The Court shall retain jurisdiction over the parties to this Permanent Injunction and this case for the purpose of construing, interpreting, implementing, and enforcing the terms of this Permanent Injunction, including but not limited to the imposition of sanctions and civil fines as a result of any violation of the terms contained herein.

  Further, in the event of a violation of this Permanent Injunction, Wyndham, in addition to injunctive and other relief the Court may provide, shall be entitled to liquidated damages in the amount of $50,000.00 per violation of this Permanent Injunction, plus an additional $5,000.00 per diem for each day that the breaching party is found to have remained in violation after receiving written notice from Wyndham of the violation. The Parties stipulate that the damages for breaching this Agreement are speculative, that liquidated damages are appropriate in this instance, and that the amount of liquidated damages set forth in this Permanent Injunction are reasonable.

  If any provision of this Permanent Injunction shall be held invalid or unenforceable, the remainder shall nevertheless remain in full force and effect. If any provision is held invalid or unenforceable with respect to particular circumstances, it shall nevertheless remain in full force and effect in all other circumstances.

---

[1] For purposes of this injunction, Wyndham Employee shall mean any employee of Wyndham. This includes any employee of a Wyndham property, the corporate offices of Wyndham, and any of the outside consultants, affiliates, and/or related entities that may have access to Wyndham Owner information.

Each party agrees to bear its own costs and attorney's fees and its portion of any court costs.

**IT IS SO ORDERED** on this 21st day of November, 2022.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

8