UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION**
**OWNERSHIP, INC. and WYNDHAM**
**VACATION RESORTS, INC.,**

       **Plaintiffs,**

v.                                             Case No: 6:22-cv-1609-GAP-DCI

**ROBERT KASPRZYK and PAULA**
**KASPRZYK,**

       **Defendants.**

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Wyndham's Motion to Enforce Confidential Settlement Agreement (Doc. 19)** |
| **FILED:** | **January 23, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On October 24, 2022, Wyndham and Defendants filed a Joint Stipulation and Motion for Entry of Final Injunction, thereby notifying the Court that they stipulated to the entry of a permanent injunction. Doc. 12 (the Joint Stipulation). The next day, the Court granted Joint Stipulation to the extent it was a motion and directed the parties to send the Court a Word version of the proposed permanent injunction  Doc. 13. But after reviewing the submitted proposed permanent injunction, the Court refused to enter it, finding it "overly broad and grossly repetitious." Doc. 14. So, the parties submitted another version. Doc. 15-1. On November 21,

2022, the Court entered the Stipulated Final Permanent Injunction Order and directed the Clerk to close the case.  Docs. 16, 17.

Pending before the Court is Wyndham's Motion to Enforce Confidential Settlement Agreement.  Doc. 19 (the Motion).  Wyndham attached to the Motion a redacted version of a Confidential Settlement Agreement with an effective date of October 19, 2022.  Doc. 19-1 (the CSA).  Wyndham also attached to the Motion a "Notice to Cure" and a series of emails.  Docs. 19-3, 19-4.  The Motion is ripe for review as Defendants have not filed a response and the time for doing so has elapsed.

In the Motion, Wyndham argues that the parties executed the CSA and Defendants have breached the material terms.  *Id*. at 1-2.  Wyndham states that, "as of October 19, 2022, the Parties mutually agreed to, and executed, a CSA that, in part, requires Defendants to make a certain payment to certain aggrieved non-party individuals by December 1, 2022."  *Id*. at 2.  According to the Motion, the CSA also includes a cooperation clause, which requires "Mr. Kasprzyk to provide an interview by a date certain and for the interview to be memorialized by a declaration or affidavit."  *Id*.  Wyndham claims that the CSA also provides for prevailing party attorney fees and costs "to the extent litigation was necessary to address a breach of the CSA."  *Id*.  Wyndham mentions in the Motion that "the CSA also contemplated a Permanent Injunction, which was granted by the Court."  *Id*. at 3.  Wyndham asserts that Defendants have breached the payment and cooperation obligations and Wyndham moves the Court to enforce the CSA.  *Id*.  Wyndham argues that the parties intended to enter into binding settlement agreement, Defendants refuse to cure the breach, and the Court should exercise its "inherent power" to summarily enforce the settlement agreement.  *Id*. at 3, 5-8.

Upon due consideration, the undersigned recommends that the Motion is due to be denied because the Court lacks jurisdiction to grant the relief. "The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and therefore requires its own basis for jurisdiction." *Garcia v. Ocwen Loan Servicing*, 2020 WL 11272818, at *1 (M.D. Fla. Dec. 18, 2020), *report and recommendation adopted by*, 2021 WL 4393105 (Jan. 5, 2021) ( citing *E-Z Load Gate, Inc. v. American Moto Products, Inc.*, 2009 WL 3246414 at *4-5 (M.D. Fla. Oct. 6, 2009) (internal quotations omitted). "Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378-82, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994), unless it does so expressly in its order dismissing the action or unless it expressly incorporates the terms of the settlement agreement into its order of dismissal, a district court does not have subject matter jurisdiction to enforce the terms of a settlement agreement." *Id*.

Here, the Court did not retain jurisdiction to enforce the CSA. According to the parties' Joint Stipulation and the Final Permanent Injunction Order, the parties "stipulate[d] to the entry of [the] Permanent Injunction to resolve all matters in dispute in this Litigation between them." Docs. 12 at 2; 16 at. 2. The Final Permanent Injunction Order also provides that:

> The Court shall retain jurisdiction over the parties to this Permanent Injunction and this case ***for the purpose of construing, interpreting, implementing, and enforcing the terms of this Permanent Injunction***, including but not limited to the imposition of sanctions and civil fines as a result of any violation of the terms contained herein.

Doc. 16 at 7 (emphasis added).

As such, the Court specified that jurisdiction is retained only as it relates to the Permanent Injunction. Neither the Final Permanent Injunction Order nor the Joint Stipulation mention the parties' separate CSA for purposes of retaining jurisdiction. *See* Docs. 12, 16.[1] Since the Court's

---

[1] The undersigned notes that the Final Permanent Injunction Order states the following:

Final Permanent Injunction Order did not incorporate the terms of the CSA or expressly retain jurisdiction over that agreement, there is no jurisdiction to enforce the CSA. *See Illingworth v. Nav Advisors, Inc.*, 2022 U.S. Dist. LEXIS 117276, at *2 (M.D. Fla. July 2, 2022) ("Because the Court did not expressly retain jurisdiction or incorporate any settlement terms into its order, the Court lacks jurisdiction to enforce the parties' settlement agreement"); *Myers v. Hydraulic Hose of Hillsborough, LLC*, 2017 U.S. Dist. LEXIS, at *2 (M.D. Fla. Dec. 4, 2017) (because no order retains jurisdiction to enforce the settlement, the court lack jurisdiction to enforce the settlement) (citing *Kokkonen*, 511 U.S. at 382); *May v. Fluor Fed. Sols., LLC*, 2018 WL 398556, at *3 (M.D. Fla. Jan. 12, 2018) (court lacked jurisdiction to enforce or invalidate settlement agreement when no order issued retaining jurisdiction to do so after the case was dismissed); *Avidyne Corp. v. A& J Aviation, LLC*, 2020 WL 3597090, at *1 (M.D. Fla. Feb. 28, 2022) ("But the terms of the settlement agreement were not before the Court when it dismissed the case as there was no legal reason for the Court to explicitly approve it, and the court did not retain jurisdiction to enforce its terms. . .[s]o the Court is without jurisdiction to enforce the settlement.") (citing *Broad. Music, Inc. v. Leigh Ann Pippin, LLC*, 2018 WL 7252872, at *1 (M.D. Fla. Aug. 13, 2018)).

With respect to Wyndham's inherent authority argument, "[f]ederal courts possess the 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a

---

> Defendants further acknowledge and agree that this Permanent Injunction does not conflict with any agreement, instrument, or understanding, oral or written, to which he or she is a party, including the employment agreement with Wyndham, signed by Kasprzyk on October 15, 2020 (the "Employment Agreement"), or any prior employment agreements entered into between Wyndham and Kasprzyk, which continue to be binding upon Kasprzyk as agreed to therein.

Doc. 16 at 2, ¶ 5.  To the extent this language can be construed to pertain to the CSA, the undesigned recommends that it does not expressly retain jurisdiction over the CSA or incorporate the CSA terms by reference.

pending case." *Vician v. Fiddler's Creek, LLC*, 2010 WL 11507251, at *1 (M.D. Fla. Feb. 3, 2010) (citing *Ford v. Citizens & Southern Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991) (emphasis in the original)). "If no longer pending, jurisdiction to enforce a private contractual settlement will be lacking unless the terms of the agreement are incorporated into a dismissal order." *Id.* (citing *Rowe v. Jones*, 483 F.3d 791, 796 n.6 (11th Cir. 2007)). "Without specifically retaining jurisdiction in some manner, a District Court has no jurisdiction over a settlement agreement, even if it was aware of the settlement agreement at the time of final judgment." *Id.* (citations omitted).

Here, this case is closed, and the Court did not retain jurisdiction with respect to the CSA. The Motion is premised on a breach of contract claim related to a breach of the CSA and, as such, is not appropriately before the Court. *See Pfeffer v. Carmar Transp., Inc.*, 2020 WL 6450002, at *3 (S.D. Fla. Sept. 11, 2020), *report and recommendation adopted by* 2020 WL 6446169 (S.D. Fla. Nov. 3, 2020) (finding that the party seeking relief was not without remedy as "[e]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.") (quoting *Kokkonen*, 511 U.S. at 382); *Vician*, 2010 WL 11507251, at *1 ("Essentially, this case presents a breach of contract issue. To the extent that diversity jurisdiction over an independent action for breach of contract does exist, plaintiff would be required to open a separate case and file a Complaint regarding the breach of contract. The Court has no authority to resolve the breach of contract after the entry of judgment and the closure of this case without having retained jurisdiction over the settlement.").

Based on the foregoing, the undersigned **RECOMMENDS** that the Motion (Doc. 19) be **DENIED**.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 28, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy